UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

LAURA ANDRES
Individually and on behalf of others similarly situated

    Plaintiff

 -vs-                              Case No.
                                          Hon.
                                          **CLASS ACTION COMPLAINT**
                                          **DEMAND FOR JURY TRIAL**

SELLERS BUICK GMC, INC.,
    *dba Sellers GMC,*
    *dba Sellers Isuzu,*
    *dba Sellers Isuzu Truck,*
    *dba Sellers Buick,* and
    *dba Sellers Buick GMC,*
    Defendant.

## **COMPLAINT & JURY DEMAND**

Plaintiff, Laura Andres, individually and on behalf of others similarly situated, states the following claims for relief:

### **Jurisdiction**

1.     This court has jurisdiction under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and 28 U.S.C. §§ 1331,1337.

### **Parties**

2.     The Plaintiff to this lawsuit is Laura Andres who resides in Royal Oak, Michigan.

3.     The Defendant to this lawsuit is Sellers Buick GMC, Inc., which does business

as Sellers GMC, Sellers Isuzu, Sellers Isuzu Truck, Sellers Buick and Sellers Buick GMC, ("Sellers"). Sellers is in the business of auto sales and repair and is located at 38000 Grand River Avenue, Farmington Hills MI 48335 and according to its 2017 Annual Report filed with the State of Michigan, its resident agent and the mailing address of the registered office is as follows: Samuel G Slaughter ("Mr. Slaughter"), 24501 Hathaway Street, Farmington Hills MI 48335 (signed by Authorized Agent, Andrew Haller). Its 2014 Annual Report filed with the State of Michigan identified Mr. Slaughter as the resident agent and the registered office address of 38000 Grand River Avenue, Farmington Hills MI 48335 and further identified Mr. Slaughter as President and John S. Sedlak ("Mr. Sedlak") as Secretary, Treasurer, and Director and all providing a business address of 38000 Grand River Avenue, Farmington Hills MI 48335.

## Venue

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Ms. Andres is a citizen of the State of Michigan.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations As To Sellers

7. On or about August 23, 2014, Ms. Andres went to the business place of Sellers

for the purpose of purchasing a vehicle.

8. Ms. Andres completed a credit application for a vehicle.

9. On August 23, 2014, Sellers[1] obtained a copy of Ms. Andres' consumer credit report from Trans Union as disclosed on the inquiries log of her Trans Union consumer disclosure dated August 18, 2016.

10. Sellers denied credit to Ms. Andres on the terms she requested.

11. Sellers's denial of credit constituted adverse action for purposes Ms. Andres's credit application.

12. Sellers failed to provide Ms. Andres with a notice of adverse action compliant with the requirements of the ECOA.

13. Sellers violated the adverse action requirements of the ECOA.

## Practices of Sellers

14. It is or was the practice and policy of Sellers to:

    a. Take adverse action for purpose of the ECOA as to consumers without issuing appropriate notices under the ECOA.

    b. Fail to issue adverse action notices when otherwise required under the ECOA.

    c. Fail to maintain records of its compliance with the ECOA.

---

[1] Appears on the Trans Union report for Ms. Andres as "Sellers Buick GMC via NCCSellers Buick GMC 2 (38000 Grand River, Farmington Hil, MI 48335, (248) 478-8000)"

## **Class Allegations**

15. Ms. Andres incorporates the preceding allegations by reference.

16. Ms. Andres brings this action on behalf of herself and the class of all other persons similarly situated, pursuant to Fed.R.Civ.P.23.

17. Ms. Andres proposes to represent the following class, initially defined as follows:

    All consumers in the State of Michigan, excluding the Court, Counsel and their staff, a) who applied for credit to Sellers, as evidenced by inquiries for consumer reports by Sellers b) to whom Sellers did not extend credit on the terms requested, and c) for whom Sellers has no record of an adverse action notice.

18. The class of persons to be represented are so numerous that joinder of all members is impractical.

19. The Court and Counsel can identify the proposed members of the class easily from the records of Sellers as a result of the record keeping requirements applicable to automobile dealers in the State of Michigan and the consumer reporting agencies through whom Sellers has made inquiries.

20. The names and addresses of the class members are identifiable through documents that Sellers itself maintains, and the class members may be notified of the pendency of this action by mailed notice.

21. The class claims present common questions of law and fact, including whether:

    a. Sellers is a creditor for purposes of ECOA.

    b. Sellers issued an adverse action notice to Ms. Andres and the class members;

    c. Sellers' standard procedures to issue an adverse action notice were reasonable;

    d. Sellers knowingly and intentionally committed an act in conscious disregard of the rights of the consumer; and

    e. Sellers' conduct constitutes violations of the ECOA.

22. Ms. Andres will fairly and adequately protect the interests of the class, specifically:

    a. Ms. Andres has no adverse interest to the class.

    b. Ms. Andres has retained counsel who is experienced in handling class actions and litigation under various Federal Consumer Protection Acts.

    c. Ms. Andres claims are typical of the claims of each class member, as Ms. Andres has suffered similar injuries to the members of the class she seeks to represent through this action.

23. The questions of law or fact common to the members of the class predominate over any questions affecting any individual member.

24. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy because no individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Sellers because the claim amounts are likely small and involve statutory damages under the ECOA and FCRA, and because management of these claims will likely present few difficulties.

25. This complaint seeks monetary damages under Fed.R.Civ.P.23(b)(3).

26. Based upon the preceding allegations, the Court may certify this matter as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27. Likewise, the Court may certify this matter as a class under Fed.R.Civ.P. 23(b)(2), because Sellers has acted on grounds generally applicable to the class, making equitable injunctive relief with respect to Ms. Andres and the putative class members appropriate.

28. There is no impediment to certification of the class to be represented.

## Count I – Equal Credit Opportunity Act (Sellers)

29. Ms. Andres incorporates the preceding allegations by reference.

30. Sellers is a creditor for purpose of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

31. Following the receipt of the complete application for credit by Ms. Andres, Sellers was required to make a credit decision within 30 days.

32. Based upon that credit application, Sellers denied credit, or alternatively

refused to extend credit on substantially similar terms to those applied for by Ms. Andres, or alternatively failed to render its credit decision within 30 days.

33. Ms. Andres did not accept any credit from Sellers.

34. Sellers took adverse action for purposes of the ECOA.

35. Sellers failed to issue the adverse action notice to Ms. Andres which the ECOA requires of users of consumer credit reports who take adverse action.

36. Sellers was otherwise required to provide an adverse action notice to Ms. Andres.

37. Sellers failed to provide an adverse action notice to Ms. Andres.

38. Sellers has inadequate policies or procedures in place to comply with the ECOA's adverse action notice requirement.

39. Sellers has failed to maintain proper records of its credit actions in violation of the ECOA.

40. This failure to issue an adverse action notice constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 by Sellers; alternatively this failure to issue an adverse action notice constituted a willful violation of the ECOA, 15 U.S.C. § 1691 by Sellers.

41. This failure to properly maintain records constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 *et seq.* by Sellers; alternatively this failure to properly maintain records constituted a willful violation of the ECOA, 15

U.S.C. § 1691 *et seq*.

42. Ms. Andres suffered damages by this violation of ECOA.

## Count II – Special Request For Equitable Relief (Sellers)

43. Ms. Andres incorporates the preceding allegations by reference.

44. Sellers failed or refused to put in place mechanisms to comply with the ECOA's adverse action notice requirements.

45. Those requirements serve as the primary means of record keeping to permit both private litigants and governmental entities to determine whether or not Sellers is in compliance with the Act's anti-discrimination purposes.

46. Similarly, the adverse action notice provisions of the ECOA serve an important consumer education function.

47. These salutatory purposes will be completely defeated if Sellers is allowed to continue operating without compliance.

48. Additionally, Sellers will gain an unfair competitive advantage over its competitors if is are permitted to continue operation without bearing the cost of compliance which are actually born by its market competitors who have complied with the adverse action notice requirements of the ECOA.

49. Accordingly, Ms. Andres requests that the Court enter an appropriate order requiring Sellers to issue notices to the class members and enjoining further violations of the ECOA by Sellers.

## Jury Demand

50.  Ms. Andres demands a jury trial in this case.

## Request For Relief

Plaintiff, on her own behalf and on behalf of the members of the Class, requests that this Honorable Court grant the following relief:

   a.  Certify the proposed Class;

   b.  Appoint Ms. Andres as representative of the Class and the undersigned counsel as counsel for the Class;

   c.  Award Plaintiff and the Class damages, as allowed by law;

   d.  Award Plaintiff and the Class attorneys' fees and costs, as allowed by law and/or equity;

   e.  A declaration that Sellers has violated the ECOA and award injunctive relief to prevent further violations;

   f.  Any other relief as the Court deems necessary, just, and proper.


Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By:/s/ Sylvia S. Bolos
Sylvia S. Bolos ( P78715)
Attorney For Laura Andres
24500 Northwestern Highway, Ste. 206

                                              Southfield, MI 48075
                                              (248) 208-8864
                                              SylviaB@MichiganConsumerLaw.com

Dated: July 31, 2017